Jay TAYLOR, Appellant,

v.

UNITED STATES, Appellee.

No. 89–1008.

District of Columbia Court of Appeals.

Argued Sept. 11, 1990.
Decided Sept. 4, 1991.

David A. Reiser, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Kathleen A. Felton, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Helen M. Bollwerk, Robert M. Kruger and William M. Blier, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and TERRY, Associate Judges.

ROGERS, Chief Judge:

In our previous opinion, *Galberth v. United States*, 590 A.2d 990 (D.C.1991), we remanded the record for the trial judge to make further findings in appellant's case.

*See id.* at 1001. Based on the judge's additional findings, we conclude that appellant's Fourth Amendment rights were violated, and that the judge should have suppressed the evidence resulting from the illegal seizure. Accordingly, we reverse appellant's judgments of conviction.

## I.

Appellant was stopped at a roadblock that was established as part of "Operation Clean Sweep." *See id.* at 993–94. He was arrested after he failed to present a valid driver's license, and a computer check showed that the car he was driving had been reported stolen. He was tried for first degree theft, D.C.Code §§ 22–3811, –3812(a) (1989), and unauthorized use of a motor vehicle. *Id.* § 22–3815. The trial judge originally denied appellant's motion to suppress, concluding that the roadblock was constitutional. The judge found:

> The primary purpose of the roadblock was to control traffic congestion associated with open-air drug markets such as cars double and triple parked and a large number of pedestrians moving through the neighborhood. This activity disrupts the lives of the people who are residents of the neighborhood and creates a safety hazard to them.

> The police expect to find motorists operating without permits, operating after revocation and operating with impaired ability to drive. Chief Fulwood stated, and the Court credits his testimony on the purposes of the roadblocks, that it is primarily a traffic enforcement program with certain other benefits clearly being derived from it.

We concluded that "this finding leaves unclear whether the primary purpose of the Taylor roadblock was (1) to address neighborhood problems of traffic congestion associated with open air drug markets, or (2) to check driver's licenses and automobile registrations." 590 A.2d at 999. Although the latter purpose "would support the constitutionality of the roadblock, ... the former [purpose] would not."[1] *Id.* at 1000–

---

1. We were "unable to conclude that [appellant's]    roadblock advanced th[e] interest" in reducing

01. Accordingly, we remanded the record "for further findings as to whether the principal purpose of the roadblock was to check driver's licenses and automobile registrations or to alleviate neighborhood traffic congestion." *Id.* at 1001.

## II.

On remand the trial judge reiterated her earlier factual findings, and concluded:

> The Court fully understands the ruling of the District of Columbia Court of Appeals ... that it is directing this Court to elect between its two previously stated purposes. This Court's findings of fact are based upon its analysis of the testimony that was before it and its judgment concerning the credibility of witnesses. These factors led the Court to determine the duality of purposes previously stated. The only addition to its previous record that this Court can, therefore, make is to emphasize its finding that *the main purpose of the roadblock was to alleviate* "*double and triple parking, traffic congestion, and crowds of people buying and selling drugs,*" ... which created a public danger "to pedestrians and non-drug purchasing motorists in the drug-market neighborhoods." [Emphasis added]

Although this additional finding is still somewhat unclear—the judge referred to "two previously stated purposes," and "the duality of purposes" without specifying which purposes she had in mind [2]—we conclude that the trial judge's finding leaves no doubt that the traffic congestion purpose was primary, and the licensing and registration purpose was secondary. The judge mentioned the government interest in licensing and registration in a background finding that "the police expect to find motorists operating without permits, operating after revocation and operating with impaired ability to drive." In the crucial finding quoted above, however, the judge relied solely on the congestion interest, "emphasiz[ing] ... that the main purpose of the roadblock was to alleviate 'double and triple parking, traffic congestion, and crowds of people buying and selling drugs.'" The trial judge therefore viewed the congestion interest as the primary purpose for the roadblock.

Accordingly, because the primary government purpose for the roadblock was to alleviate traffic congestion, and that purpose was not shown to have been furthered by the roadblock, *see Galberth, supra,* 590 A.2d at 1000, the roadblock was unconstitutional. *See id.* at 1001. The evidence seized as a result of the illegal stop, therefore, should have been suppressed. The judgments are reversed.

*Reversed.*

traffic congestion, because any reduction in congestion while the roadblock was in effect could most plausibly be accounted for by the highly visible police presence, not the random stopping of vehicles. *Id.* at 1000. We therefore conclude that "[i]f the principal interest behind [appellant's] roadblock was to solve problems of traffic congestion, we would ... conclude that the roadblock violated the Fourth Amendment." *Id.*

**2.** Indeed, elsewhere in her discussion the judge seemed to indicate that one of the "two purposes" to which she referred may have been the "prevention of drug trafficking." The judge explained that "but for the roadblock's impact on drug trafficking, fewer police resources would have been used for this purpose. However, the [judge] rejected [appellant's] contention that prevention of drug trafficking, therefore, became the main purpose for the roadblock." To the extent the judge believed she was required to address whether the primary purpose of the roadblock was the enforcement of the drug laws, she misapprehended the scope of the remand.